**In Re: Mark Dean SCHWAB, Petitioner.**

**No. 07–15258.**

United States Court of Appeals, Eleventh Circuit.

Nov. 9, 2007.

**1370**

Before DUBINA, CARNES and HULL, Circuit Judges.

BY THE COURT:

We have previously affirmed the denial of federal habeas relief to Mark Dean Schwab, a Florida death row inmate. *Schwab v. Crosby*, 451 F.3d 1308 (11th Cir.2006). Before us now are his application to file a second or successive federal habeas corpus petition pursuant to 28 U.S.C. § 2244(b), and a motion for stay of execution in order to permit us time to consider that application. The only claim Schwab wants to raise in a second petition involves the constitutionality of Florida's lethal injection procedures and protocols.

Even if such a claim were properly cognizable in an initial federal habeas petition, instead of in a 42 U.S.C. § 1983 proceeding, *see generally Hill v. McDonough*, —— U.S. ——, 126 S.Ct. 2096, 2099, 165 L.Ed.2d 44 (2006); *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004), *Rutherford v. McDonough*, 466 F.3d 970, 973 (11th Cir.2006) (observing that pre-*Nelson* circuit law requiring challenges to lethal injection procedures to be brought in a § 2254 proceeding is "no longer valid in light of the Supreme

Court's *Hill* decision"), this claim cannot serve as a proper basis for a second or successive habeas petition. It cannot because it neither relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, 28 U.S.C. § 2244(b)(2)(A), nor involves facts relating to guilt or innocence, *see* 28 U.S.C. § 2244(b)(2)(B)(ii).

Our disposition of the application renders the motion for stay of execution moot.

APPLICATION DENIED; MOTION FOR STAY DENIED AS MOOT.